**Affirmed and Opinion filed April 23, 2024.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-23-00209-CR

---

**JOEL CONTRERAS OLVERA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause No. 1648504**

---

## OPINION

In this appeal from a conviction for aggravated sexual assault of a child, appellant complains in two issues about the trial court's designation of an outcry witness and about the trial court's refusal to instruct the jury on a lesser-included offense. For the reasons given below, we overrule both of these issues and affirm the trial court's judgment.

## BACKGROUND

When she was seventeen years old, the complainant disclosed to her mother that, many years earlier, she had been inappropriately touched by appellant, who is her uncle. The complainant made this disclosure in general terms, without specifically identifying where or how the touching had occurred.

The mother contacted authorities, and the complainant later gave a more detailed statement to a detective. The complainant told the detective that appellant had abused her multiple times over the years. The first incident of abuse occurred when she was eight or nine years old, when he tried to put his penis in her anus. On subsequent occasions, appellant put his penis in her mouth, he forced her to touch his penis with her hand, and he fondled her vagina over her clothes.

Despite these several instances of sexual abuse, appellant was indicted on a single charge of unlawfully causing the complainant's anus to contact his sexual organ. Appellant pleaded not guilty to that charge, and his case proceeded to a trial by jury.

The complainant was twenty-one years old at the time of trial, and she was the first witness to take the stand. She testified that the charged incident began when appellant chased her around a dining table, picked her up, and carried her to a guest room, where he pinned her face down on the bed and removed her skirt and underwear. The complainant said that appellant then tried to penetrate her anus with his penis, but that he let her go when she requested to use the restroom. She also said that the attempted penetration was very painful, and that it caused a tear, which in turn caused her to bleed for months because the tear would reopen whenever she did use the restroom.

2

The complainant explained that she did not timely report the abuse because she was in shock that it had even occurred. She gave similar statements regarding the other instances of abuse, explaining that she was too embarrassed to say anything, or she feared that she would not be believed, or she was afraid that a disclosure would cause a rift in the family. The complainant said that she finally came forward because she came to believe that appellant might abuse even younger children.

The detective testified after the complainant left the stand. Over a defense objection, the trial court had previously found in a hearing conducted outside the presence of the jury that the detective qualified as an outcry witness. The detective accordingly testified about the complainant's outcry statements from her initial interview. Those statements were consistent with the complainant's trial testimony, though they were not nearly as detailed.

Appellant also testified. He denied the allegations against him, but the jury found otherwise and convicted him as charged. The jury also assessed his punishment at ten years' imprisonment.

## OUTCRY WITNESS

At the end of the outcry hearing, the defense argued that the purpose of having an outcry witness was to protect a child from the trauma of having to testify about a sensitive matter in open court. The defense then argued that the detective should not be designated as an outcry witness because his testimony would not spare a child from testifying, since the complainant was already an adult. The defense further argued that the detective could not qualify as an outcry witness because, at the time of her outcry, the complainant was more than seventeen years of age—and in the defense's view, the complainant was not a child for purposes of the outcry statute.

3

The trial court overruled these arguments and allowed the detective to testify as an outcry witness. Appellant now challenges that ruling in his first issue on appeal.

We review the trial court's designation of an outcry witness for an abuse of discretion. *See Garcia v. State*, 792 S.W.2d 88, 92 (Tex. Crim. App. 1990). Under this standard, we defer to the trial court's determination of historical facts that are supported by the record, as well as to any mixed questions of law and fact that turn upon an evaluation of credibility and demeanor, but we consider de novo any purely legal questions. *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

Appellant argues that the trial court abused its discretion by designating the detective as an outcry witness because, according to him, the outcry statute permits such a designation only when, at the time of the outcry, the child declarant is under the age of seventeen, which was not the situation here. The State counters that the outcry statute has no such qualification. To settle this disagreement, we must engage in a matter of statutory interpretation, which is a purely legal question. *See Druery v. State*, 412 S.W.3d 523, 533 (Tex. Crim. App. 2013).

The statute at issue is Article 38.072 of the Texas Code of Criminal Procedure, and it provides an exception to the hearsay rule. The exception applies only to statements that "(1) describe . . . the alleged offense; . . . (2) were made by the child . . . against whom the charged offense . . . was allegedly committed; and (3) were made to the first person, 18 years of age or older, other than the defendant, to whom the child . . . made a statement about the offense." *See* Tex. Code Crim. Pro. art. 38.072, § 2.

Nothing in this text expressly requires the declarant to have been under the age of seventeen at the time of the outcry, as appellant has argued. The text merely states that the declarant must have been "the child . . . against whom the charged offense . . . was allegedly committed." *Id.*

4

Nevertheless, appellant argues that the "child" in this provision must refer to a person younger than seventeen years of age, and for several reasons. He relies in part on the Penal Code statute for aggravated sexual assault, which specifically defines the word "child" as "a person younger than 17 years of age." *See* Tex. Penal Code § 22.021(b)(1) (assigning this term the same definition as provided by Tex. Penal Code § 22.011(c)(1)). But that definition applies to usages "in this section"— not to usages in the outcry statute, which is separately codified in the Code of Criminal Procedure.

Appellant also relies in part on another provision within the outcry statute, which states that the child declarant must have made her outcry to a person "18 years of age or older." *See* Tex. Code Crim. Proc. art. 38.072, § 2(a)(3). Appellant argues that the legislature could have similarly defined the term "child" with a bright line rule—for example, as a person younger than "18 years of age." But because the legislature did not enact the outcry statute with such a bright line rule, he construes the term "child" even more restrictively, as a person younger than seventeen years of age. Appellant supplies no authority for this argument, and we do not agree with it.

Because the term "child" is undefined, it must be given its usual meaning. *See* Tex. Code Crim. Proc. art. 3.01 ("All words, phrases and terms used in this Code are to be taken and understood in their usual acceptation in common language, except where specially defined."). Black's Law Dictionary defines the word as "an unemancipated person under the age of majority"—i.e., as a person under the age of eighteen. That dictionary definition conforms with the common understanding of the word, and with how other courts of appeals have applied the outcry statute. *See Gutierrez v. State*, 630 S.W.3d 270, 278 (Tex. App.—Eastland 2020, pet. ref'd) ("If an outcry is a statement made to the first person that is eighteen years of age or older

under Article 38.072, section 2(a)(3), then a person under the age of eighteen is a child under section 2(a)(2).”); *Harvey v. State*, 123 S.W.3d 623, 629 (Tex. App.—Texarkana 2003, pet. ref’d) (“Therefore, we hold that, for Article 38.072 to apply, not only must the offense have been committed against a child . . . , but also the victim, while still a child—that is, not having reached his or her eighteenth birthday—must have confided the details of the ordeal to a person eighteen years of age or older.”). We join those courts in concluding that an outcry witness may be designated when the child declarant is younger than eighteen years of age at the time of the outcry.

Because there was affirmative evidence that the complainant here was seventeen years old at the time of her outcry, she qualified as a child declarant under the outcry statute, and the trial court did not abuse its discretion by designating the detective as the outcry witness.

## LESSER-INCLUDED OFFENSE

During the charge conference, the defense requested an instruction on a lesser-included offense. The trial court denied the request in the following exchange:

The Court: Have you had an opportunity to review the proposed charge?

Defense: Yes, we have. And Defense is simply respectfully requesting the lesser includeds of indecency by contact and indecency by exposure.

The Court: We have indecency by exposure in there, but what is the contact? Because there’s not any evidence in the record with regard to her genitals being touched in connection with the indicted charge, and it’s got to be a lesser included offense of what’s in the indictment.

Now, the extraneous act, where she did say that her vagina was touched, he’s not charged with that. He’s only charged with what’s in the indictment, and I think indecency by

6

exposure is in evidence. So I think that's the proper lesser included offense.

Defense: Okay. So our request is denied?

The Court: Yes, unless you can convince me otherwise.

Defense: Yes, sir. Thank you, Judge.

Appellant now argues in his second issue that the trial court reversibly erred by denying his requested instruction on the lesser-included offense of indecency by contact. The State responds that this issue is not preserved. We agree with the State.

To preserve a complaint that the trial court erred by refusing to submit an instruction on a lesser-included offense, the defendant must point to the specific evidence that negates the greater offense but supports the lesser offense, unless such specific evidence is manifest. *See Williams v. State*, 662 S.W.3d 452, 462 (Tex. Crim. App. 2021).

The evidence in support of the requested lesser-included offense was not manifest here, as appellant testified that he never assaulted the complainant or touched her in an inappropriate manner. And when the trial court prompted the defense for any evidence that might support the requested instruction, the defense supplied none. (Similarly on appeal, no such evidence has been cited in appellant's brief.) By not alerting the trial court to the specific evidence in support of his requested instruction, appellant failed to preserve any error in the trial court's refusal to include that instruction in the jury charge. *Id.*

## CONCLUSION

The trial court's judgment is affirmed.


/s/     Tracy Christopher
         Chief Justice

7

Panel consists of Chief Justice Christopher and Justices Zimmerer and Wilson.

Publish — Tex. R. App. P. 47.2(b).